NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0302n.06

Case No. 24-1611

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>JORRELL LAMBERT,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>CITY OF SAGINAW, MICHIGAN, and OFFICER JONATHON BEYERLEIN,<br><br>    Defendants-Appellants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><b>FILED</b><br>Jun 16, 2025<br>KELLY L. STEPHENS, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION</td></tr>
</table>

Before: SUTTON, Chief Judge; CLAY and THAPAR, Circuit Judges.

PER CURIAM. Jorrell Lambert called the police after getting into a dispute with his girlfriend. Police arrested Lambert and took him to jail. The officers' body cameras captured a video of the booking process. Police led Lambert into a hallway. While standing in the hallway with his hands cuffed behind his back, Lambert cursed at Officer Jonathon Beyerlein and called him a liar. Seconds later, Beyerlein slammed Lambert headfirst into the ground. Lambert sued Officer Beyerlein, bringing state and federal claims for excessive force. He also brought a *Monell* claim against the City of Saginaw, alleging that the city failed to train its police officers on how to use force against handcuffed suspects. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The district court denied the defendants' motion for summary judgment, and they now appeal.

We begin with Beyerlein's claim that he is entitled to qualified immunity from Lambert's federal excessive-force claim under 42 U.S.C. § 1983. Beyerlein argues that he was entitled to take Lambert to the ground because Lambert was actively resisting arrest. Appellants' Br. at 3; *see also Rudlaff v. Gillispie*, 791 F.3d 638, 641–42 (6th Cir. 2015) (explaining the concept of active resistance).

To the extent Beyerlein disputes the plaintiff's record-supported facts, this court lacks jurisdiction to resolve those disputes. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995). But Beyerlein can secure this court's jurisdiction by arguing that, "even assessing the facts in the light most favorable to the plaintiff, there was no violation of the plaintiff's clearly-established rights." *Anderson-Santos v. Kent County*, 94 F.4th 550, 554 (6th Cir. 2024). Beyerlein has made that argument. He argues that the video footage of the incident, even viewed in the light most favorable to the plaintiff, shows that he didn't violate Lambert's constitutional rights. And the video "gives us a clear view of what happened" during the booking process, providing an "uncontroverted set of facts" for the excessive-force claim. *Heeter v. Bowers*, 99 F.4th 900, 910 (6th Cir. 2024). So we have jurisdiction to review Beyerlein's appeal of the qualified-immunity denial. *Id.* at 911.

On the merits, we affirm the district court's denial of qualified immunity. Construing the facts in the light most favorable to Lambert, Officer Beyerlein and two other officers led him through a hallway to the booking area. Beyerlein opened the door to the booking area and put his hands on Lambert's arms to guide him through the door. Lambert pulled on his handcuffs and stepped away from Beyerlein. Beyerlein then pulled Lambert down from the back in a leg-sweep suplex, throwing him onto the ground headfirst. Lambert lost consciousness. Officers transferred Lambert to a hospital after a nurse saw blood coming out of his ear. Lambert suffered a broken eardrum, skull fractures, hearing loss, and the loss of several teeth.

Under these facts, a jury could find that Beyerlein violated Lambert's clearly established rights. Existing precedent held that an officer could not throw down a generally cooperative handcuffed arrestee who briefly ignores a lawful order, at least when that arrestee does not resist arrest and poses no risk of violence or escape.

Consider *Harris v. City of Circleville*, 583 F.3d 356 (6th Cir. 2009). There we held that a handcuffed inmate was not actively resisting when he stepped away from an officer who tried to take off his necklace. *Id.* at 366. We also held that he was not actively resisting when he failed to "kneel down" after the officer told him to. *Id.* So the officer's subsequent takedown was excessive. *Id.* at 360.

We followed this same approach in several subsequent cases, finding other takedowns on handcuffed inmates excessive, even when those inmates briefly ignored a lawful order. *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 497–99 (6th Cir. 2012); *see also Burgess v. Fischer*, 735 F.3d 462, 474 (6th Cir. 2013). These cases are similar enough to Lambert's conduct to create a rule clear enough to give officers like Beyerlein notice not to throw a generally compliant handcuffed arrestee headfirst to the floor. So the district court correctly denied summary judgment to Beyerlein.

We also affirm Officer Beyerlein's appeal of the district court's denial of Michigan governmental immunity from Lambert's state-law claims. *Gillman v. City of Troy*, 126 F.4th 1152, 1161 (6th Cir 2025). Beyerlein forfeited the claim of governmental immunity by failing to present it to the district court. *See Sheet Metal Workers' Health & Welfare Fund of N.C. v. Law Off. of Michael A. DeMayo, LLP*, 21 F.4th 350, 357 (6th Cir. 2021).

Finally, we dismiss, for lack of jurisdiction, the City of Saginaw's appeal of the district court's denial of summary judgment on Lambert's *Monell* claim. Appellate courts can review

such denials only when the *Monell* claim is "inextricably intertwined" with a qualified-immunity claim. *Shumate v. City of Adrian*, 44 F.4th 427, 450 (6th Cir. 2022) (citation omitted). Those claims are intertwined if resolving the qualified immunity appeal "*necessarily* resolves" the *Monell* claim as well. *Id.* (emphasis in original). Here, Lambert's *Monell* claim isn't inextricably intertwined with the qualified-immunity claim. Our holding on the qualified-immunity claim—that a jury could conclude Officer Beyerlein violated Lambert's constitutional rights by taking him to the ground—doesn't "determine the extent, if any," of the city's liability to Lambert for failing to train Officer Beyerlein. *See id.* So we lack jurisdiction over the city's appeal of the denial of summary judgment on the *Monell* claim.

*        *        *

We affirm the district court's denial of Officer Beyerlein's motion for summary judgment on Lambert's federal- and state-law claims against Officer Beyerlein. The city's appeal of the denial of summary judgment on Lambert's *Monell* claim is dismissed for lack of jurisdiction. We remand the case for further proceedings consistent with this opinion.